UNITED STATES DISTRICT COURT
FOR THE DISTRICT WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARIZA R. WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>    Defendant. | Case No. _____<br><br>REMOVED FROM FIFTEENTH JUDICIAL DISTRICT COURT, PARISH OF LAFAYETTE, LOUISIANA, DOCKET NO. C-20191017 C |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, The Prudential Insurance Company of America ("Prudential"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana, Docket No. C-20191017 C. In support of its Notice of Removal, Prudential states as follows:

### Background and Timeliness

1. Plaintiff Lariza R. Williams ("Plaintiff") commenced a civil action against Prudential on February 14, 2019, by filing a complaint in the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana. The lawsuit is recorded on that court's docket as Docket No. C-20191017 C. There are no other parties named in Plaintiff's complaint.

2. Prudential was served on August 20, 2019. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the summons and Plaintiff's complaint, which constitute "all summons, pleadings, and orders" served upon Prudential in the state court action, is attached hereto as

Exhibit A. Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

3. In her complaint, Plaintiff alleges that she obtained life insurance coverage through her employer Walmart, Inc., which was insured by Prudential. (Ex. A., Compl. ¶¶ 2, 3.) Plaintiff alleges that Prudential was obligated to pay her certain life insurance benefits under the policy in the event of her ex-husband Trevor Walker's ("Walker") death. (Ex. A, Compl. ¶¶ 3, 5.) Walker died on February 17, 2018 (Ex. A, Compl. ¶ 4). Plaintiff alleges that she is the designated beneficiary, that she submitted a claim to Prudential for benefits, and that Prudential denied her claim because she was not legally married to Walker at the time of his death. (Ex. A. *See* Compl. *generally*.)

4. Plaintiff alleges that Prudential's denial of her claim is breach of contract. (*See* Compl. *generally*.) Plaintiff seeks the life insurance allegedly due under the policy, plus legal interest and costs associated with bringing this action. (Ex. A, Compl. Prayer for Relief.)

5. The life insurance coverage at issue was provided under Group Contract No. G-43939-AR between Prudential and Wal-Mart (Exhibit B, Group Contract No. G-43939-AR). The life insurance is one of the welfare programs offered by Wal-Mart to certain of its employees under the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("the plan") (Exhibit C, Wal-Mart Stores, Inc., Associates' Health and Welfare Wrap Document (Amended and Restated Effective January 1, 2016) at Appendix B p. 29. *See also Ruth Mae Chelf v. Prudential Insurance Company of America, et. al.*, in the United States District Court for the Western District of Kentucky, Case No. 3:17-cv-00736-GNS-RSE, ECF No. 18-7 at pp. 5, 30.) The plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et seq.) (*See* Exhibit C at p. 4). The life

insurance benefits at issue are fully insured by Prudential. (*See* Exhibit B).  The benefits were provided to Plaintiff as a benefit of her employment. (Ex. A, Compl. ¶ 3). Thus, the life insurance benefits Plaintiff seek in her complaint are life insurance benefits offered by Wal-Mart to its employees as part of its ERISA governed employee welfare benefit plan.

6. As ERISA provides the exclusive remedy for a claim for benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan.  *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 132(a)).

7. A claim seeking benefits under an ERISA plan that is filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even, whereas here, the complaint does not on its face allege that it arises under ERISA.  *See, e.g., Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court;" "All such actions in Federal or State courts are to be regarded as arising under the laws under the United States.").

8. Accordingly, because this action seeks benefits pursuant to an ERISA-regulated plan, this action arises under federal law (specifically, ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)).  The Court thus has original jurisdiction of this action pursuant to 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. § 1441(a).

9. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10. Plaintiff's ERISA claim arises under the laws of the United States within the meaning of 28 U.S.C. § 1331. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

11. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 98(c), this Court embraces the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

12. Prompt written notice of this Notice of Removal will be sent to Plaintiff through her counsel, and to the Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette, Louisiana as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit D.

13. Based on the foregoing, this Court has original jurisdiction over this action based on federal law pursuant to 28 U.S.C. §§ 1331. Therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

14. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential respectfully requests that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

15. Prudential submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages they seek may be properly sought).

WHEREFORE, Prudential submits that this action properly is removable based on original jurisdiction and respectfully request that the above-described action pending against it be removed to the United States District Court for the Western District of Louisiana. Defendant also requests all other relief, at law or in equity, to which it justly is entitled.

DATED:   September 3, 2019            Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA

*s/ Patricia S. LeBlanc*
One of Its Attorneys

Patricia S. LeBlanc
LeBlanc Fantaci Villio,  LLC
3421 North Causeway Blvd, Suite 201
Metairie, LA 70002
Telephone:    (504) 828-1010
Facsimile:    (504) 828-1079
E-mail: pleblanc@lfvlaw.us


Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

## **CERTIFICATE OF SERVICE**

I, Patricia S. Leblanc, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S NOTICE OF REMOVAL to be served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid, on this 3rd day of September, 2019:

>Myles & Myles
>Allen J. Myles
>P.O. Box 877
>Plaquemine, LA 70764

/s/ *Patricia S. LeBlanc*

Patricia S. LeBlanc